# Richmond.

CORPREW v. CORPREW.

MARCH 8th, 1888.

1. RES JUDICATA—*Rule.*—Judgment of court of competent jurisdiction upon a question directly involved in one suit, is conclusive, as to that question, in another suit between the same parties. *Withers* v. *Sims*, 80 Va., 658.
2. IDEM—*Case at Bar.*—Upon bill and answers in former suit, court of competent jurisdiction pronounced a decree adjudging the instrument set up in the pleadings to be the will of testator and construing it in accordance with the prayer of the bill, such decree is conclusive against same complainant seeking, in another suit against same parties, to have said will decreed not to be the testator's will.

Appeal from decree of hustings court of Portsmouth city, rendered June 22d, 1885, in a suit wherein George A. Corprew was complainant and Mary E. Corprew and others were defendants. The court below dismissed the bill on the ground that the will thereby sought to be set aside had been conclusively established by a decree of the same court rendered in a former suit between the same parties. From this decree the said George A. Corprew appealed to this court. Opinion states the case.

*D. J. Godwin & Son*, for the appellant.

*Edwards & Hopper*, for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The facts presented by the record are as follows : E. G. Corprew died in 1881, having duly executed his last will and testament, leaving his widow, Mary E. Corprew, a son, the appellant, George A. Corprew, and an adopted daughter, Cordelia Robertson, who afterwards intermarried with Taliaferro Watson. By his said will, he disposed of his real estate and bank stock, but dying intestate as to his other personalty. The said will, wholly written and signed by the testator, was duly admitted to probate, and Thomas R. Colding qualified as administrator, *c. t. a.*, and took charge of the personal estate. At the July rules, 1884, the appellant, George A. Corprew, instituted in the court of hustings for the city of Portsmouth, a suit against the administrator, *c. t. a.*, and Mary E. Corprew, the widow, and Cordelia Robertson; the bill alleging that "E. G. Corprew in his lifetime, to-wit, on the 28th day of March, 1881, duly made his last will and testament, which was duly admitted to record in the said court of hustings on the 8th day of August, 1881, in which said will he made certain and specific devises," and charging "that the provisions made by his said father, E. G. Corprew, deceased, in his last will and testament for Mary E. Corprew, his said widow, must be taken to be in lieu of dower, and all other demands against the said decedent's real and personal estate;" "that he (your orator) being his only child and heir at law, is entitled to the entire residue of his said estate." The bill prayed for an account of the administrator, *c. t. a.*, and "that the court determine whether (he) your orator is the only distributee of the said surplus of said estate." The administrator, *c. t. a.*, filed his answer, and the widow filed her answer denying the allegations of the bill that the provisions of the will in her favor were in lieu of her distributive share of the personal estate, but alleging that she was entitled to one-third of the same; and admitting the allegations of the bill as to the due execution and due probate of the said will. The administrator, *c. t. a.*, settled his account under the order of the court, before a commissioner of the

court, showing the balance in his hands after payment of debts and all proper charges, which balance, in response to the prayer of the bill, was decreed to the appellant, the complainant, and the money actually paid to him, under the construction of the will, that the widow's distributive share under the statute of distributions, was estopped by the provisions of the will in her favor. Notwithstanding the allegations thus made by the bill filed by the appellant, that the will was duly executed; that it was duly admitted to record; that its provisions in favor of the widow were in lieu of her distributive portion of the personal estate, and that he, the appellant, was the only distributee; and notwithstanding the fact that the court, upon these allegations and the case made by his bill, construed the will and decreed to him the entire personal estate, which was paid to him under the decree of the court, yet he, the same plaintiff, institutes in the same court a new suit against the same defendants, and files his bill, in this cause, denying the allegations of his former bill and impeaching the very will which that bill had set up, and denying that it was duly executed, and denying that it was duly admitted to record, and denying it to be the will of the said E. G. Corprew, deceased.

To this bill the defendants (appellees) filed their plea alleging the facts as shown by the record in the former suit, and that the said bill was a denial of the matters and things set forth in the bill of the said complainant in his former suit, and a denial of the facts which were the basis of the decree rendered in his favor in the said former suit, and a denial of the facts set up by his said former bill and established by the decree, in his favor, in the said former suit, by which he had received the entire residue of his father's personal estate, to the exclusion of the widow, who, under the court's construction of the will, was held to the provisions made for her in the will.

The court of hustings, upon the hearing, dismissed the bill

with costs. We are of opinion that the bill was properly dismissed.

The record shows that the decree in the former suit, construing the will according to the prayer and the allegations of the bill of complainant (appellant here) was a *consent* decree. The appellant in his bill in this new suit, between the same parties, in the same court, about the same, identical subject, does not allege any newly discovered evidence, or his willingness and readiness to refund the personal estate which he had received under the decree of the court in the former suit. He is now estopped to deny not only his own allegations and the proceedings based thereon in which he acquiesced, but a decree of the court construing the will, in favor of his allegations entered and based upon a statement of facts agreed and consented to by him. See *Robertson* v. *Tapscott*, 81 Va. 533; *Lewis* v. *Overby*, 31 Gratt., 601; opinion of Lacy, J., in *Darraugh's Adm'r* v. *Blackford*, trustee, *ante*, p. 509; *Bower* v. *McCormick*, 23 Gratt., 310, 327–8.

But the question at issue in this case, has been fully and squarely adjudicated. The parties to the suit are the same—the same complainant in both—the same defendants in both—the point in controversy presented in this suit was before the court in the former suit and was necessary for its determination. The court, in that suit, was informed by the bill and the answers, that the will probated was the will of the testator, and it was so adjudged to be, and was construed by a court of competent jurisdiction. "It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit, is conclusive *as to that question*, in another suit between the same parties." *Withers' Adm'r* v. *Lewis*, 80 Va. 651–8; *McComb* v. *Lobdell*, 32 Gratt., 185; *Tilson* v. *Davis' Adm'r*, 32 Gratt., 92–103; *Chrisman* v. *Harman*, 29 Gratt., 499.

The decree appealed from is right, and the same is affirmed.

DECREE AFFIRMED.