BOBBIE J. WILSON LLOYD

V.

AMERICAN MOTOR INNS, INC., TRADING AS HOLIDAY INN
NORTH-ROANOKE #1

Record No. 830220

April 25, 1986

Present: All the Justices

C. *Jacob Ladenheim* (*Ladenheim and Campbell*, on brief), for appellant.

S. *J. Thompson, Jr.* (*Gregory P. Cochran; Caskie, Frost, Hobbs, Thompson, Knakal & Alford*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in dismissing the plaintiff's claim on the ground that it was *res judicata*.

Appellant, Bobbie Lloyd, brought this tort action against her employer, American Motor Inns, Inc., trading as Holiday Inn North-Roanoke #1 (the Inn). In her motion for judgment, Lloyd alleged that she sustained injuries when she fell on a sidewalk located on the Inn's premises and that her injuries were proximately caused by the Inn's negligent failure to maintain the sidewalk in a safe condition. The Inn pled *res judicata* based upon the Industrial Commission's previous ruling in Lloyd's workers' compensation claim. The trial court sustained the plea and entered summary judgment for the Inn. Lloyd appeals.

The facts are undisputed. On March 11, 1980, Lloyd filed with the Industrial Commission a workers' compensation claim for her injuries. The Commission first determined that Lloyd's accident did not arise out of and in the course of her employment with the Inn. Notwithstanding this determination, the Commission further found that the accident was not the proximate cause of Lloyd's injuries.

Lloyd contends on appeal, as she did at trial, that once the Commission determined her accident did not arise out of and in

the course of her employment, it lacked jurisdiction to determine causation. Thus, she asserts, the issue of causation has not been adjudicated by a tribunal of competent jurisdiction, and therefore, *res judicata* cannot be a bar to her tort action. We agree.

■ It is well settled that a judgment of a court of competent jurisdiction is conclusive respecting the same cause of action in a subsequent suit between the same parties. *Corprew* v. *Corprew*, 84 Va. 599, 602, 5 S.E. 798, 799 (1888). For a prior judgment to preclude a subsequent action, however, the court in the first proceeding must have had jurisdiction over the subject matter of the controversy and the precise issue upon which the judgment was rendered. *Linkous* v. *Stevens*, 116 Va. 898, 906-07, 909-10, 83 S.E. 417, 419-21 (1914); *Seamster* v. *Blackstock*, 83 Va. 232, 234, 2 S.E. 36, 37 (1887).

■ In the present case, the Industrial Commission acted within its authority when it received evidence and determined that Lloyd's accident did not arise out of and in the course of her employment with the Inn. Having made this threshold finding, however, the Commission had no jurisdiction to adjudicate the merits of Lloyd's claim. Therefore, the Commission's finding of no causation was made without jurisdiction and could not bar Lloyd's subsequent action for damages.

■ The conclusion we reach is consistent with our holding in *Griffith* v. *Raven Red Ash Coal Co.*, 179 Va. 790, 20 S.E.2d 530 (1942). In *Griffith*, we said that the Workmen's Compensation Act (now Workers' Compensation Act) leaves "unimpaired the common-law right of action for damages for the personal injury or death of the employee when such does not arise out of and in the course of the employment." *Id.* at 797, 20 S.E.2d at 533. Thus, we held in *Griffith* that "a denial of an award of compensation, on the ground that the injury did not arise out of and in the course of the employment, is not *res judicata* in the employee's subsequent action at law to recover damages [from] the employer." *Id.* at 800, 20 S.E.2d at 535.

The Inn relies upon our decision in *Raven Red Ash Coal Co.* v. *Griffith*, 181 Va. 911, 27 S.E.2d 360 (1943),* in support of its argument that Lloyd's law action is barred. Its reliance on *Raven Red Ash* is misplaced.

---

*The *Griffith* and *Raven Red Ash* cases are successive appeals arising out of the same litigation involving Griffith's accidental death.

In *Raven Red Ash*, Griffith's administratrix filed a claim under the Act for Griffith's death caused by a mining explosion. The Industrial Commission denied the claim based on its factual finding that Griffith was not engaged in a work-related activity at the time of the explosion.

Thereafter, Griffith's administratrix filed a law action for damages on the theory that the employer breached a common-law duty of reasonable care owing to Griffith as an invitee on the employer's premises. After a trial on the merits, the trial court entered judgment on a jury's verdict in favor of Griffith's administratrix, and Raven appealed.

On appeal, Raven argued that the evidence failed to establish that Griffith was an invitee on his employer's property. In response, Griffith's administratrix argued that Griffith was killed while performing work for his employer. In rejecting Griffith's argument, we said that the Commission's prior finding that Griffith was not engaged in his employer's business was a binding determination and could not be re-litigated. Thus, we held that, once the Commission made the necessary and jurisdictional finding that Griffith's injury did not arise "out of and in the course of the employment," Griffith's administratrix was estopped from asserting in a subsequent proceeding a position contrary to the Commission's finding. *Id.* at 922, 27 S.E.2d at 365.

In the present case, however, Lloyd is not asserting that her injury arose out of and in the course of her employment. Indeed, she concedes that the Commission's finding on that issue is conclusive. To the contrary, Lloyd's action is based upon the Inn's alleged negligence in failing to maintain the sidewalk in a safe condition, a right expressly reserved in *Griffith*. 179 Va. at 797, 20 S.E.2d at 533.

Accordingly, because the trial court erred in sustaining the Inn's plea of *res judicata*, we will reverse its judgment and remand the case for a new trial.

*Reversed and remanded.*