COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


SAFEWAY STORES, INC.
                                   MEMORANDUM OPINION* BY
v.    Record No. 0895-99-2         JUDGE LARRY G. ELDER
                                      FEBRUARY 29, 2000
HAROLD E. McGOWAN


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Charles P. Monroe (Duncan & Hopkins, P.C., on
              brief), for appellant.

              No brief or argument for appellee.


     Safeway Stores, Inc., (employer) appeals from a ruling of

the Workers' Compensation Commission awarding medical benefits

to Harold E. McGowan (claimant) for neck and back injuries

arising from an industrial accident of October 22, 1979.  On

appeal, employer contends (1) the commission lacked jurisdiction

to award benefits for neck and back injuries because claimant

failed to file a timely claim for these injuries; (2) because

the commission lacked jurisdiction to award benefits, it

improperly applied the doctrine of res judicata to bar

employer's assertion of the statute of limitations; and (3) even

if the commission had jurisdiction, the record contains no

expert medical opinion to support the commission's finding of

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

causation.  We hold that the commission lacked jurisdiction to award benefits because claimant failed timely to file a claim for injuries to his neck and back.  Therefore, we reverse the commission's ruling and vacate the award without reaching employer's third assignment of error.

"The right to compensation under [the Workers' Compensation Act] shall be forever barred, unless a claim be filed with the Commission within two years after the accident."  Code § 65.1-87, 1975 Va. Acts ch. 471; see Barksdale v. H.O. Engen, Inc., 218 Va. 496, 499, 237 S.E.2d 794, 796-97 (1977) (holding that statute of limitations is part of "substantive right to recover" under Act and, therefore, applicable statute of limitations is one in effect when injury occurs).[1]  "This is the notice which activates the right of the employee to compensation and which invokes the jurisdiction of the [Workers' Compensation Commission]."  Binswanger Glass Co. v. Wallace, 214 Va. 70, 73, 197 S.E.2d 191, 194 (1973) (construing former Code § 65.1-87).

---

[1] Although Code § 65.1-87 was repealed and recodified at § 65.2-601, effective October 1, 1991, see 1991 Va. Acts ch. 355, the statute of limitations for filing a claim for compensation remains two years.

Since 1984, the Act has provided that the statute of limitations may be tolled under certain circumstances.  See Code § 65.2-602, 1991 Va. Acts cc. 216, 355; Code § 65.1-87.1, 1984 Va. Acts ch. 608, 1989 Va. Acts c. 539 (recodified at § 65.2-602 by 1991 Va. Acts cc. 216, 355).  However, because the statute of limitations is part of one's "substantive right to recover" under the Act, see Barksdale, 218 Va. at 499, 237 S.E.2d at 796-97, the tolling provisions are inapplicable to injuries incurred before the tolling provisions took effect.

- 2 -

"'The right to compensation under the [workers'] compensation law is granted by statute, and in giving the right the legislature has full power to proscribe the time and manner of its exercise.'"  Id. at 73, 197 S.E.2d at 193 (quoting Winston v. City of Richmond, 196 Va. 403, 407, 83 S.E.2d 728, 731 (1954)).

It is the intent of Code § 65.1-87 that, within the time prescribed by the section,

> an employee must assert against his employer any claim that he might have for any injury growing out of the accident. . . .  Failure to give such notice within [the statutorily prescribed period] would seriously handicap the employer . . . in determining whether or not there was in fact an injury, the nature and extent thereof, and if related to the accident.  The reason for the limitation . . . is a compelling one.[2]

Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975) (emphases and footnote added) (construing former Code § 65.1-87).  Thus, in Shawley, the Court held that the commission lacked subject matter jurisdiction to award benefits for injury to the claimant's right ankle and back, where the

_____

[2] This is distinguishable from the case in which an employee timely files a claim for all injuries incurred in an industrial accident but subsequently develops additional injuries as a "natural consequence" of the industrial accident.  See Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 793-94, 407 S.E.2d 1, 3 (1991).
Because claimant contends the back and neck injuries occurred simultaneously with, rather than subsequent to, the accepted shoulder and forehead injuries, the doctrine of compensable consequences is not applicable.

only injuries for which he filed a timely claim were to his left ankle and right hip. See id. at 443-44, 219 S.E.2d at 851. The Court subsequently noted that "[j]urisdiction [ordinarily] cannot be conferred on the Commission by consent" and that it comes into being "when 'a claim [is] filed' within two years after the accident." Stuart Circle Hosp. v. Alderson, 223 Va. 205, 208-09, 288 S.E.2d 445, 447 (1982).

Here, the only injuries included in the Memorandum of Agreement executed by the parties in 1979 were to claimant's shoulder and forehead. Claimant filed no claim for benefits for back, neck, arm or leg injuries until more than fifteen years after the compensable accident. Accordingly, the commission lacked subject matter jurisdiction to award medical benefits for these injuries.

The commission acknowledged that employer's defense of lack of subject matter jurisdiction is one that may be asserted "at any time" but held that the doctrine of res judicata prevented it from raising the defense of lack of jurisdiction more than once. Because employer had the opportunity to raise the defense at the time of the deputy commissioner's 1995 award, when it contended the treatment to claimant's neck and back was not causally related, the commission held that employer was barred from raising the issue of subject matter jurisdiction in this appeal. For the reasons that follow, we disagree.

The doctrine of res judicata provides that "[a] valid, personal judgment on the merits in favor of [a party] bars relitigation of the [s]ame cause of action, or any part thereof which could have been litigated, between the same parties and their privies." Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974) (footnote omitted). However, "[f]or a prior judgment to preclude a subsequent action, . . . the court in the first proceeding must have had jurisdiction over the subject matter of the controversy and the precise issue upon which the judgment was rendered." Lloyd v. American Motor Inns, Inc., 231 Va. 269, 271, 343 S.E.2d 68, 69 (1986) (emphasis added). If a court lacks jurisdiction to render a judgment, the judgment has no preclusive effect. See id. Therefore, the doctrine of res judicata provides no exception to the well accepted principle of law that lack of subject matter jurisdiction may be raised in any court at any time and a judgment rendered by a court lacking subject matter jurisdiction is void ab initio. See Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755-56 (1990).

For these reasons, we hold that the commission lacked subject matter jurisdiction to award medical benefits for injuries to claimant's back and neck allegedly sustained in the 1979 industrial accident. Therefore, we reverse the

commission's ruling and vacate the award without reaching

employer's final assignment of error.

<u>Reversed and vacated.</u>