# 𝔚ytheville

BESSIE GRIFFITH, ADMINISTRATRIX OF THE ESTATE OF
DOUGLAS GRIFFITH, DECEASED V. RAVEN RED
ASH COAL COMPANY, INC.

June 8, 1942.

Record No. 2531.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and
Spratley, JJ.

The opinion states the case.

*A. T. Griffith* and *Erma Griffith Greenwood*, for the plaintiff in error.

*H. M. Bandy, H. M. Bandy, Jr., Joseph S. Gillespie* and *R. O. Crockett*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Bessie Griffith, administratrix of the estate of Douglas Griffith, deceased, filed a notice of motion for judgment against Raven Red Ash Coal Company, Inc., hereinafter called the defendant, to recover damages for the alleged wrongful death of Douglas Griffith. In substance, the notice of motion alleges that the defendant is the owner and operator of a coal mine in Russell county; that it owed its invitees the duty of keeping the mine in a reasonably safe condition, and to that end should have installed therein the necessary devices or equipment to prevent the accumulation of high explosive gases known to it to be dangerous; that on March 1, 1940, the defendant invited the plaintiff's decedent

and other persons to enter the mine "in preparation for engaging in work and employment in mining and removing coal therefrom"; and that while the plaintiff's decedent was at a place in the mine where he had the right to be for this purpose, due to the negligence of the defendant, its failure to provide and operate the necessary devices and equipment therein, and its failure to keep the premises reasonably safe for the protection of the plaintiff's intestate and the other invitees therein, there was an accumulation of gas in the mine which became ignited and exploded, thereby causing the instant death of the plaintiff's decedent.

The defendant demurred to the notice of motion for judgment and filed separate pleas of *res judicata* and estoppel which challenged the jurisdiction of the lower court to proceed with the present action at law.

The plea of *res judicata* alleged that at the time of the matters complained of the plaintiff's decedent was in the employment of the defendant; that the defendant "had in its employ more than eleven persons and was operating under and in compliance with the terms and provisions of the Virginia Workmen's Compensation Act"; that a claim was filed before the Industrial Commission of Virginia for an award of compensation for the death of the plaintiff's decedent; that the matter was within the exclusive jurisdiction of the Industrial Commission of Virginia, which heard and denied the claim for an award of compensation; and that since the matter had been "heretofore finally determined by the said Industrial Commission of Virginia" on the merits, the present action could not be maintained.

The plea of estoppel, after alleging that at the time of his death the plaintiff's decedent was in the employment of the defendant, that the latter was operating under the terms and provisions of the Virginia Workmen's Compensation Act, that a claim for an award of compensation had been filed with and denied by the Industrial Commission of Virginia, further alleged that the administratrix plaintiff was estopped to maintain the present action at law because her claim here was inconsistent with the position which she had taken,

through her privies, in the former proceeding before the Industrial Commission.

Attached to the pleas was a duly authenticated copy of the record of the proceeding before the Industrial Commission, from which it appears that the Raven Red Ash Coal Company, Inc., and its insurance carrier contested the right to an award under the Workmen's Compensation Act on the sole ground that the fatal accident did not arise out of and in the course of the employment of the decedent. The Industrial Commission upheld this contention and dismissed the proceeding.

To each of the pleas the plaintiff demurred on the grounds, (1) that the holding of the Industrial Commission was not *res judicata* in the present action, that its holding that the plaintiff's decedent was not killed as a result of an accident arising out of and in the course of his employment was merely a finding that the Commission was without jurisdiction of the matter; and (2) that the plaintiff's right of action at law for the wrongful death of the decedent which did not arise out of and in the course of his employment, was not barred by the provisions of the Workmen's Compensation Act.

The trial court overruled the plaintiff's demurrers, sustained the pleas, and entered a final judgment dismissing the notice of motion for judgment. The matter is before us on a writ of error awarded to the plaintiff below.

The first question we have to decide is whether the Workmen's Compensation Act (Michie's Code, 1936, section 1887(1), etc.; Acts 1918, ch. 400, p. 637, as amended), under which the employer and employee were operating, bars an action at law for the injury or death of an employee due to the negligence of the employer, where such injury or death is not due to an accident arising out of and in the course of the employment and hence is not compensable under the Act.

The defendant in error contends that such action at law has been extinguished by sections 12 and 4 of the Act.

The pertinent part of section 12 of the Act (Michie's Code, 1936, section 1887(12), as amended by Acts 1920,

ch. 176, p. 256; Acts 1924, ch. 318, p. 478; Acts 1930, ch. 158, p. 405; Acts 1932, ch. 279, p. 485; Acts 1936, ch. 369, p. 591), reads as follows:

"The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise on account of such injury, loss of service or death."

Section 4 of the Act (Michie's Code, 1936, section 1887(4) ) provides that every employer and employee "shall be presumed to have accepted the provisions of this act respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby," unless prescribed notices are given.

■ These sections should, of course, be interpreted in the light of the purpose of the Act as a whole and its other provisions.

Section 2 of the Act (Michie's Code, 1936, section 1887(2) ) contains this statutory definition:

"(d) 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment * * * ."

■ The death of an employee, in order to be compensable under the Act, must be from an accident arising out of and in the course of the employment. *Kent* v. *Virginia-Carolina Chemical Co.*, 143 Va. 62, 65, 129 S. E. 330. See also, section 4 of the Act (Michie's Code, 1936, section 1887(4) ), *supra.*

■ ■ The Act provides a system of compensation to an employee or his dependents for injury or death from injury arising out of and in the course of the employment, without regard to fault as the cause of such injury or death. Although in derogation of the common law, it is highly remedial and should be liberally construed in favor of the workman. *Alexandria* v. *McClary*, 167 Va. 199, 202, 188 S. E. 158, 160, and cases there cited.

■ We should remember, too, that "the common law is not to be considered as altered or changed by statute unless the legislative intent be plainly manifested". *Norfolk, etc., Ry. Co.* v. *Virginian Ry. Co.*, 110 Va. 631, 646, 66 S. E. 863.

■ Construed in the light of these principles and the provisions of the Act to which we have referred, we think that it is manifest that it was the purpose of section 12 (Michie's Code, 1936, section 1887(12) ) to exclude the common-law remedies of an employee, his personal representative, etc., only for such injury or death as is covered by section 2 (Michie's Code, 1936, section 1887(2) (d) ),—that is, "by accident arising out of and in the course of the employment", —leaving unimpaired the common-law right of action for damages for the personal injury or death of the employee when such does not arise out of and in the course of the employment.

Section 12 (Michie's Code, 1936, section 1887(12) ) deprives the employee or his personal representative of a common-law right of action for damages against the employer in a particular class of cases, that is, where the injury or death is from an accident arising out of and in the course of the employment, because the Act gives to the employee or his dependents in lieu thereof the right to an award of compensation. But to adopt the contention of the defendant in error would deprive the employee or his dependents of a long existing common-law right of action in a large number of cases without giving them anything in return therefor. Carried to its logical conclusion, an employee, merely because of the relationship existing between him and his employer, would have no remedy whatever for an injury sustained while he was off duty and far removed from the place of employment. An employee, working in Norfolk on weekdays, injured on Sunday on the highway, through the negligence of the employer, would be entitled neither to compensation under the Act nor damages at law. He would be remediless.

Such a result would be to construe the Act strictly against the employee and not in his favor. Moreover, it would be

violative of the principle that an existing common-law remedy is not to be taken away by a statute unless by direct enactment or necessary implication.

Our conclusion is that the Workmen's Compensation Act is exclusive in so far as it covers the field of industrial accidents, but no further. To the extent that the field is not touched by the statute, we think that the legislature intended that the employee's common-law remedies against his employer are to be preserved unimpaired.

This question has frequently been before the highest courts of other States and with two exceptions, to which we shall refer, their holdings are in accord with ours.

In 28 Ruling Case Law, pages 829, 830, section 117, the author says: "Where the right to an award of compensation for injury or death exists by virtue of the provisions of the workmen's compensation act, the remedy for its enforcement is by many of the statutes made exclusive, and no action at law may be instituted against the employer. But if for any reason the statute is inapplicable to the case, the employee may have recourse to his common law remedy." See also, 71 C. J., p. 1479, section 1478, p. 1482, section 1489.

Such is the holding of the highest court of Indiana, upon whose statute ours is largely based. *General Printing Corp.* v. *Umback,* 100 Ind. App. 285, 195 N. E. 281; *Illinois Steel Co.* v. *Fuller,* 216 Ind. 180, 23 N. E. (2d) 259.

See also, *Cox* v. *United States Coal, etc., Co.,* 80 W. Va. 295, 92 S. E. 559, L. R. A. 1918B, 1118; *Jones* v. *Rinehart, etc., Co.,* 113 W. Va. 414, 168 S. E. 482; *Barrencotto* v. *Cocker Saw Co.,* 266 N. Y. 139, 194 N. E. 61; *Gentry* v. *Swann Chemical Co.,* 234 Ala. 313, 174 So. 530; *Hendrickson* v. *Continental Fibre Co.,* 3 W. W. Har. (33 Del.) 304, 136 A. 375; *Covington* v. *Berkeley Granite Corp.,* 182 Ga. 235, 184 S. E. 871 (overruling previous cases to the contrary); *McGehee* v. *Mepham & Co.,* 279 Ill. App. 115; *Ross* v. *John Hancock Mut. Life Ins. Co.,* 222 Mass. 560, 111 N. E. 390; *Echord* v. *Rush,* 124 Kan. 521, 261 P. 820; *Jellico Coal Co.* v. *Adkins,* 197 Ky. 684, 247 S. W. 972; *Boyer* v. *Crescent Paper Box Factory,* 143 La. 368, 78 So. 596; *Donnelly* v. *Minneapolis*

*Mfg. Co.*, 161 Minn. 240, 201 N. W. 305; *Vesel* v. *Jardine Mining Co.*, 110 Mont. 82, 100 P. (2d) 75, 127 A. L. R. 1093; *Smith* v. *International High Speed Steel Co.*, 98 N. J. L. (13 Gummere) 574, 120 A. 188; *Triff, Adm'x* v. *National Bronze, etc., Co.*, 135 Ohio St. 191, 20 N. E. (2d) 232, 121 A. L. R. 1131 (overruling previous holdings to the contrary); *Billo* v. *Allegheny Steel Co.*, 328 Pa. 97, 195 A. 110; *Stewart* v. *McLellan's Stores Co.*, 194 S. C. 50, 9 S. E. (2d) 35; *Norwood* v. *Tellico River Lumber Co.*, 146 Tenn. 682, 244 S. W. 490, 24 A. L. R. 1227; *Prince* v. *Saginaw Logging Co.*, 197 Wash. 4, 84 P. (2d) 397. Numerous other cases are collected in the annotations in 100 A. L. R. 519 and 121 A. L. R. 1143.

The highest courts of only North Carolina and Michigan have held to the contrary. *Francis* v. *Carolina Wood Turning Co.*, 208 N. C. 517, 181 S. E. 628; *Thomas* v. *Parker Rust Proof Co.*, 284 Mich. 260, 279 N. W. 504. See annotations in 100 A. L. R. 519 and 121 A. L. R. 1143.

In *Ross* v. *John Hancock Mut. Life Ins. Co.*, *supra*, the highest court of Massachusetts held that an employee, injured in an elevator accident in the building in which she worked, but while off duty and hence not entitled to compensation under the Workmen's Compensation Act, was entitled to maintain an action at law for damages for her personal injuries due to the alleged negligence of her employer in the operation of the elevator. The situation there was quite similar to that before us.

In *Jones* v. *Rinehart, etc., Co.*, *supra*, the highest court of West Virginia held that an action at law could be maintained by the administrator of an employee against the employer for the wrongful death of the employee due to silicosis alleged to have been contracted through the negligence of the employer and not within the purview of the Workmen's Compensation Act.

■■ This brings us to the question whether or not the trial court erred in sustaining the defendant's plea of *res judicata*. In our opinion it did.

One of the essentials of *res judicata* is that the issue raised

in the second suit must be identical with the issue or one of the issues raised and determined in the first action. *Chesapeake, etc., Ry. Co.* v. *Rison*, 99 Va. 18, 35, 37 S. E. 320.

Plainly the issue before the Industrial Commission was not the same as that here. There no question of negligence of the employer or the contributory negligence of the decedent was involved. The sole question presented was whether the decedent's death occurred from an accident arising out of and in the course of the employment. Upon the evidence submitted the Industrial Commission held that it did not. Hence, its jurisdiction of the matter was ended and the proceeding was dismissed.

Here the question involved is whether the decedent was killed as the proximate result of the negligence of the employer. Whether he was guilty of contributory negligence may likewise be involved.

 That a denial of an award of compensation, on the ground that the injury did not arise out of and in the course of the employment, is not *res judicata* in the employee's subsequent action at law to recover damages of the employer, was held in *Katzenmeier* v. *Doeren*, 150 Minn. 521, 185 N. W. 938, 939; *Echord* v. *Rush, supra* (261 P., at page 824).

[ The defendant in error argues that the evidence adduced before the Industrial Commission conclusively shows that the death of the decedent was caused by his own negligence, and hence will bar a recovery in the present action. But this is a matter of defense on the merits in the present controversy and is not now before us. Our concern is whether the Industrial Commission has adjudicated that the decedent's negligence bars the present action at law. We hold that it did not, for the simple reason that that question was not presented to it, and, indeed, was not within its jurisdiction.

The final contention of the defendant in error, as set forth in its plea of estoppel, is that the dependents, having asserted before the Industrial Commission that the death of the decedent was due to an accident which arose out of and in the

course of his employment and was compensable under the Act, are estopped in the present suit to take the inconsistent position that it did not arise out of and in the course of the employment, is not compensable under the Act, and hence that they are free to pursue their common-law remedies against the employer.

It is true that we have repeatedly held "that a party is forbidden to assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory." *Burch* v. *Grace Street Bldg. Corp.*, 168 Va. 329, 340, 191 S. E. 672, 677, citing numerous cases.

That is the general rule in other jurisdictions also. 19 Am. Jur., Estoppel, section 72, p. 704 *ff*. But this principle has its limitations. In *Spandorfer* v. *Cooper*, 141 Va. 792, 799, 126 S. E. 558, we held that one who had brought his suit in the wrong forum, where it had been dismissed for lack of jurisdiction, was not precluded from thereafter proceeding in the proper forum on the theory that the subsequent action involved a change of position. Such is the situation before us. Here the dependents of the deceased employee mistakenly pursued their remedy in the wrong forum and the cause of action was dismissed for want of jurisdiction. They should not now, we think, be estopped to proceed in the proper forum.

On this reasoning it has been held in numerous cases that the filing of a claim for compensation under the Workmen's Compensation Act, which is dismissed because not within the purview of the Act, does not estop the employee from thereafter pursuing his common-law remedy, if any, against the employer. See *Parker* v. *Pantages Theater Co.*, 143 Wash. 176, 254 P. 1083, 1085; *Freire* v. *Matson Navigation Co.* (Cal.), 118 P. (2d) 809, 810; *Kendall Lumber Co.* v. *State*, 132 Md. 93, 103 A. 141, 143; *Dixon* v. *Gaso Pump, etc., Mfg. Co.*, 183 Okla. 249, 80 P. (2d) 678, 680; *Whalen* v. *Twin City Barge, etc., Co.*, 280 Ill. App. 596, 609-10; *Davis* v. *W. T. Grant Co.*, 89 N. H. 520, 2 A. (2d) 448, 449; *Adams* v. *Kentucky, etc., Power Co.*, 102 W. Va. 66,

135 S. E. 662, 664, 50 A. L. R. 217; *Raggi* v. *Christman Co.,* 92 Ind. App. 337, 151 N. E. 833.

It follows from what we have said that the lower court erred in sustaining the defendant's special pleas and in dismissing the plaintiff's notice of motion for judgment. The judgment complained of is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*