**William H. PERRIN, Plaintiff,**

v.

**BRUNSWICK CORPORATION, Defendant.**

**Civ. A. No. 70-C-16-A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Nov. 5, 1971.

R. E. Boucher, Abingdon, Va., for plaintiff.

William W. Eskridge, Abingdon, Va., for defendant.

## OPINION

WIDENER, Chief Judge.

The plaintiff, William H. Perrin, a Virginia resident, worked for Brunswick Corporation from May 4, 1967 until May 9, 1968, at its Sugar Grove defense plant. During this interval, he worked in or near gases coming from materials used in the manufacture of CS gas products. These products are designed to knock an enemy out of action by irritation of the eyes, skin, and nasal passages. On December 3, 1968, seven

months after leaving his employment with Brunswick, and while working at Radford Arsenal, he suffered a spontaneous pneumothorax, which incapacitated him from performing work.

Pneumothorax is described as: "The condition in which air is present in the space between the lung and the inner surface of the chest wall. Technically, it is the space in the pleural cavity or the space between the pleura (membrane) which covers the lung and the pleura which covers the inner surface of the chest wall. The air may enter this space through a wound in the chest wall or through a break in the lung tissue. In a case of pneumothorax, the lung collapses, like a balloon from which the air is allowed to escape, and for the same reason. Normally, the lung is kept expanded by the atmospheric pressure exerted on the inside of the lung. When air enters the space on the outside of the lung, the two pressures neutralize each other and, like a balloon, the lung collapses. Pneumothorax is sometimes induced artificially as a curative." Schmidt, Attorney's Dictionary of Medicine, Vol. 2, p. 668.31 (1971).[1]

Plaintiff filed a claim against the defendant, Brunswick Corporation, before the Industrial Commission of Virginia seeking Workmen's Compensation benefits on the ground that he had suffered work incapacity as a result of an occupational disease contracted during the course of his employment with the defendant. Va.Code §§ 65.1–46, et seq. The evidence before the Industrial Commission showed that plaintiff had chronic bronchitis, which probably was caused by or aggravated by inhalation of CS gas. The Commission denied plaintiff's claim on these grounds: (1) that the evidence failed to prove an injury by accident, (2) that bronchitis is an ordinary disease of life, and, even if aggravated by work environment, is not compensable, and (3) work incapacity of the plaintiff was caused by pneumothorax and there was no evidence to relate this

1. Bronchitis is not the same infirmity. It is inflammation of the lining membrane of the bronchial tubes. Schmidt, Attorneys' Textbook of Medicine, p. 138.87.

condition with plaintiff's employment at Brunswick.

Plaintiff next instituted the present action against defendant seeking damages for the bronchitis and pneumothorax he allegedly sustained as the result of defendant's negligence. Defendant moved to dismiss the complaint on the grounds: (1) that the court is without jurisdiction of the subject matter of the action since jurisdiction of the subject matter is vested solely in the Industrial Commission of Virginia, (2) that the complaint fails to state a common law cause of action against defendant since any such common law action has been abrogated by Section 65.1–40 of the Code of Virginia, and (3) that plaintiff's claim is barred by the doctrines of *res adjudicata* and collateral estoppel and may not be relitigated in this court. The plaintiff made a motion to strike these defenses.

Defendant's first and second grounds for dismissal will be considered together, since if Section 65.1–40 of the Virginia Code, dealing with exclusiveness of the employee's rights, abrogated this common law action, jurisdiction of the subject matter would be vested solely in the Industrial Commission of Virginia.

The following portions of the Deputy Commissioner's opinion reflect the findings and conclusions which were subsequently adopted by the full Commission:

"On August 1, 1968 he applied for a job with Radford Arsenal and was given a physical examination. Claimant testified that on August 5, 1968 he was told he had a fibroid condition of the upper lobes of his lungs. There is no medical to reflect this.

"Claimant gave Brunswick Corporation written notice of this condition September 3, 1968. Claimant worked for Radford Arsenal until he suffered a spontaneous pneumothorax resulting in work incapacity.

"We make the finding that the evidence fails to prove an injury by accident.

"The burden of proof rests with claimant to show that he contracted an occupational disease and that the incapacity is attributable thereto.

"We find claimant gave notice of the alleged disease to his employer pursuant to § 65.1–51, Code of Virginia.

"There is medical evidence in the record which reveals that claimant had asthmatic bronchitis and that it was probably due to inhalation of CS gas or aggravated thereby.

&ast; &ast; &ast; &ast; &ast; &ast;

"Section 65.1–47, Code of Virginia, provides a schedule of occupational diseases but bronchitis is not among those scheduled.

"Bronchitis is an ordinary disease of life to which the general public is exposed. We make that finding. Robertson v. Fairfax County School Board, 48 O.I.C. 206.

"By the explicit language of § 65.1–46 no ordinary disease of life is compensable unless it fulfills one of the two exceptions set forth therein and this record is devoid of any such evidence.

"The evidence before us compels the finding, now made, that the claimant's alleged work incapacity results from an ordinary disease of life and not an occupational disease as defined by law. See Sullins v. Southern States Cooperative, Inc., 49 O.I.C. 315, and the cases cited therein.

"The second issue is whether an ordinary disease of life aggravated by work environment is compensable under the Act. We must find that it is not. Burner v. Southern Lightweight Aggregate Corp., 31 O.I.C. 239; Noel v. Virginia Chemicals, Inc. 48 O.I.C. 177.

"Further, the evidence reveals that work incapacity suffered by claimant resulted directly from the spontaneous pneumothorax and there is no evidence to relate this condition to claimant's employment with Brunswick Corporation. We so hold.

"Accordingly, the application must fail and is hereby denied.

"The case is ordered removed from the docket."

## I

■ In view of the finding of the Industrial Commission that bronchitis is an ordinary disease of life which is not compensable under the Virginia Workmen's Compensation Act, Perrin's common law remedies against his employer are preserved unimpaired, since this condition is not touched by the statute. Griffith v. Raven Red Ash Coal Co., 179 Va. 790, 20 S.E.2d 530 (1942). As stated in the *Griffith* case, quoting Ruling Case Law, "But if for any reason the statute is inapplicable to the case, the employee may have recourse to his common law remedy." 179 Va. 790, 798, 20 S.E.2d 530, 534.

It was also held in the *Griffith* case that the fact that one brought suit in the wrong forum would not preclude him from subsequently bringing suit in the proper forum. The employee should not be deemed to have made an election and therefore precluded from further action merely because the action was instituted in the wrong forum. See also Va. Used Auto Parts v. Robertson, 212 Va. 100, 181 S.E.2d 612 (1971). The Industrial Commission having determined that Perrin's bronchitis ailment was not covered under the act, his common law remedy is available.

## II

■ The application of the doctrine of *res judicata* requires that the identical issue sought to be relitigated has been settled by a valid prior judgment in a proceeding to which the identical parties or their privies were parties in the identical capacities in which they appear in the later litigation. Patterson v. Anderson, 194 Va. 557, 74 S.E.2d 195 (1953). "The general rule is that a judgment, in a former action, based upon an insufficiency of evidence is sufficient to support the application of the doctrine of *res judicata.*" Patterson v. Saunders, 194 Va. 607, 611, 74 S.E.2d 204, 207 (1953).

■ The Commission found in Perrin's claim that there was no injury by accident or occupational disease as defined in the Workmen's Compensation Act. Such findings relate only to those required in order to award or deny benefits for ailments within the purview of the statute. The findings by the Commission to support its denial of compensation under the statute were plainly not intended to touch ailments such as those of Perrin.

"A proceeding under the [Workmen's Compensation] Act is not one to recover damage for a wrong, for the employer's liability is not based upon tort." Glassco v. Glassco, 195 Va. 239, 241, 77 S.E. 2d 843, 844 (1953).

The findings and conclusions of the Commission were determined only upon the concept of an "accident or occupational disease" which "aris[es] out of and in the course of the employment," irrespective of fault on either party's behalf. Va.Code § 65.1–7. No determination was made as to an injury or ailment which may have occurred due to the negligence of either party, or an injury or ailment for which the statute gives no relief. Such a determination will be made by this court in a hearing on the merits of the case.

The Virginia Supreme Court, in *Griffith*, pointed out that the issue which was before the Industrial Commission involved no question of negligence of the employer nor the contributory negligence of the workman. The sole issue before the Commission there was whether the accident was one arising out of and in the course of employment. *Griffith*, 179 Va. at p. 800, 20 S.E.2d 530. Since the denial of Perrin's compensation claim as to bronchitis is based upon the holding that the Virginia Workmen's Compensation Act does not touch the ailment, and also since the issue of fault has not heretofore been determined, *res judicata* does not bar this negligence action.

## III

■ It should be emphasized that the Industrial Commission held that there was no evidence that the pneumothorax suffered at the Radford Arsenal resulted

from the earlier employment of the plaintiff at Brunswick. It made no finding that bronchitis was not the result of such employment; in fact, the opposite inference should probably be gathered from the opinion. The opinion of the Industrial Commission did not touch on whether or not pneumothorax is a compensable disease or injury under the Workmen's Compensation statute.

Should the pneumothorax be compensable under the Workmen's Compensation statute, then plaintiff may not recover for it here if the record as later developed shows he had a cause before the Industrial Commission and failed to prove his case. Patterson v. Saunders, 194 Va. at p. 611, 74 S.E.2d 204. The court does not pass on this point at this time. The same cannot be said, however, as to causing or aggravating the bronchitis, which point was directly passed on by the Industrial Commission as not compensable under the Workmen's Compensation statute.

The complaint, as amended, asserts sufficient allegations to warrant a trial on the merits.

An order is entered this date consistent with this opinion.