# Sylvia C. Haddon

## v.

# Metropolitan Life Insurance Company, et al.

Record No. 890501

March 2, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Poff, Senior Justice

*William G. Shields (Janice K. Fernette; Anderson, Parkerson & Shields, on briefs)*, for appellant.
*Samuel M. Brock, III (Gary J. Spahn; Mays & Valentine*, on brief), for appellees.

JUSTICE LACY delivered the opinion of the Court.

In this case we are asked to consider whether the Virginia Workers' Compensation Act, Code §§ 65.1-1, *et seq.*, is the exclusive remedy for an employee who sustains injury as a result of an intentional tort by a fellow employee.

Sylvia C. Haddon filed a motion for judgment against her employer, Metropolitan Life Insurance Company, Inc. and Don E. Elliott, a Metropolitan Life Insurance branch manager (collectively Metropolitan Life). She alleged that Elliott, while acting within the scope of his employment, "engaged in a pattern of harassment and sex discrimination" against her. This intentional course of conduct, Haddon alleged, caused her severe emotional distress and permanent disability. She sought damages for infliction of emotional harm, defamation, insulting words, tortious interference with a contract, and breach of contract.

Metropolitan Life filed a demurrer asserting that Haddon's injuries were the result of an accident arising out of and in the course of her employment, and therefore, her exclusive remedy was the Virginia Workers' Compensation Act (the Act). The trial court sustained Metropolitan Life's demurrer, and dismissed the action. We granted Haddon an appeal.*

Haddon argues that she should be allowed to pursue her common-law tort action against her employer and fellow employee because her injuries did not result from an "accident" as that term has been defined for purposes of the Act, and urges this Court to hold that compensation for an injury caused by an intentional tort is not limited to recovery under the Act. Reminding us that the

---

* Haddon did not appeal the dismissal of her breach of contract count, and that issue is not before us.

Virginia Act was modeled after the Indiana Act, she asserts that Indiana courts have held that employees are not limited to the exclusive remedy of the Indiana Act and may bring an intentional tort claim against their employers. *National Can Corp.* v. *Jovanovich*, 503 N.E.2d 1224 (Ind. Ct. App. 1987); *Evans* v. *Yankeetown Dock Corp.*, 481 N.E.2d 121 (Ind. Ct. App. 1985), *vacated*, 491 N.E.2d 969 (1986). Furthermore, Haddon suggests that we should adopt her construction of the Act as a matter of policy, because to do otherwise allows an employer to intentionally harm an employee with impunity. In support of her position, Haddon cites a series of cases and statutes from other jurisdictions which recognize an intentional tort exception to the exclusivity provisions of the applicable workers' compensation acts.

Although Haddon asserts that this case raises an issue of first impression for this Court, we have previously decided a number of cases which required us to construe the term "accident" for purposes of the Act. As early as 1934, we stated that "it is now well settled . . . that although the injury is the result of the wilful and intentional assault of either a fellow-employee or a third person, this fact does not prevent the injury from being accidental within the meaning of the act." *Continental Life Insurance Co.* v. *Gough*, 161 Va. 755, 759, 172 S.E. 264, 265-66 (1934). We have also consistently defined accident as "an event which . . . is unusual and not expected by the person to whom it happens." *Reserve Life Insurance Co.* v. *Hosey*, 208 Va. 568, 570-71, 159 S.E.2d 633, 635 (1968).

While an "exact, comprehensive, legal definition [of accident] as applied to all circumstances" may be impossible, *Big Jack Overall Co.* v. *Bray*, 161 Va. 446, 458, 171 S.E. 686, 690 (1933), we have long-standing precedent applicable to this case which places an injury caused by the intentional tort of an employer or fellow employee within the definition of injury by accident under the Act. *See Hopson* v. *Hungerford Coal Co., Inc.*, 187 Va. 299, 46 S.E.2d 392 (1948); *A.N. Campbell & Co.* v. *Messenger*, 171 Va. 374, 199 S.E. 511 (1938); *Gough*, 161 Va. at 755, 172 S.E. at 264. Although, on more than one occasion, we have considered decisions interpreting provisions of the Indiana Act when similar to our Act, we are not persuaded by Indiana decisions which may be at odds with substantial Virginia precedent on this point.

We reject the contention that the General Assembly, in enacting § 65.1-23.1, altered the definition of "injury by accident" found in Virginia case law as it relates to intentional torts. To the contrary, this legislation specifically identified the intentional act of sexual assault as coming within, rather than excluded from, the purview of the Act. Only later, in 1988, did the General Assembly amend that section to allow an aggrieved employee, in that particular situation, to elect between seeking compensation under the Act and pursuing a separate tort claim. Code § 65.1-23.1. We can conclude only that the General Assembly concurs in our determination of the scope of the Act. Therefore, we will affirm the judgment of the trial court.

*Affirmed.*