## CIRCUIT COURT OF THE CITY OF RICHMOND

Brian Ray Mattox

    v.

Jefferson Equities Corp.

November 5, 1990

Case No. LS 1996-2

By JUDGE ROBERT L. HARRIS, SR.

This case comes before the court on the demurrer of defendant, Jefferson Equities Corporation, hereinafter referred to as "Jefferson." Defendant demurs to a three-count motion for judgment. The demurrer is overruled as to count one, defamation, and count two, insulting words. The demurrer is sustained as to the third count, breach of covenant of good faith and fair dealing.

A Motion for Judgment was filed by Brian Ray Mattox against his former employer, Jefferson. Mattox was employed as a waiter at the Lemaire Restaurant of the Jefferson Sheraton Hotel. The restaurant had a policy of automatically adding 16 percent gratuity to the bills of large parties.

Jefferson, through its assistant manager, accused Mattox of stealing from his customers by the double collection of gratuities. Jefferson claimed that Mattox failed to notify the customers of the automatic gratuity policy. Some customers left a gratuity for Mattox on the table, being unaware that it was already included in the bill.

Mattox refused to admit any wrongdoing or pay monies to Jefferson, resulting in termination from employment. Mattox alleges that Jefferson has falsely and maliciously informed employees of Jefferson, customers, and other persons that Mattox stole from Jefferson.

The first and second counts of the Motion for Judgment concern defamation and insulting words. Defendant's demurrer is premised on the alleged exclusivity of the Virginia Workers' Compensation Act, Va. Code §§ 65.1-1 to 65.1-163, hereinafter referred to as "Act." The Act is the exclusive remedy for an accidental injury arising out of and in the course of employment. *Ferrell v. Beddow*, 203 Va. 472, 475, 125 S.E.2d 196, 199 (1962); *Snowden v. VEPCO*, 432 F. Supp. 266, 268 (E.D. Va. 1976), Va. Code § 65.1-40. The circumstances of each case control whether the injury is compensable. *Ferrell*, 125 S.E.2d at 199.

A statute does not alter the common law unless the legislative intent is clear. *Norfolk and Western Railway Company v. Virginia Railway Company*, 110 Va. 631, 646, 66 S.E. 863, 868 (1910). The Virginia Supreme Court's rationale and discussion of the policy considerations in *Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790, 205 S.E.2d 530 (1942), have application to this case at bar.

> [The Act] deprives the employee or his personal representative of a common law right of action for damages against the employer in a particular class of cases, that is, where the injury or death is from an accident arising out of and in the course of the employment because the Act gives to the employee or his dependents in lieu thereof the right to an award of compensation.

*Id.*, 179 Va. at 797, 20 S.E.2d at 533.

The Act provides for the payment of statutorily enumerated compensation to the employee based upon the loss or impairment of his wage-earning capacity. Va. Code Sections 65.1-53 to 65.1-75.1.

> In adopting the Compensation Act, the legislature provided for the payment of statutory compensation to workers for injuries arising out of and in the course of the employment. The claimant is relieved of the necessity of proving negligence and proximate cause. He is also relieved of any need to resist such affirmative defenses

as contributory negligence and assumption of the risk. In exchange, the law relieves the employer of exposure to actions at law from employees sustaining such injuries. Many cases, weighing this *quid pro quo*, have held it to be a fair exchange, beneficial to employer, employee and society at large, and in itself sufficient to satisfy constitutional requirements. *See e.g., New York Central R.R. Co. v. White*, 243 U.S. 188, 37 S. Ct. 247, 61 L. Ed. 667 (1917); *Northern P. Ry. v. Meese*, 239 U.S. 614, 36 S. Ct. 223, 60 L. Ed. 467 (1916); *Bergen v. Fourth Skyline Corporation*, 501 F.2d 1174 (4th Cir. 1974); *Haynes v. James H. Carr, Inc.*, 427 F.2d 700 (4th Cir.) *cert. denied*, 400 U.S. 942 (1970). *See also Fauver v. Bell*, 192 Va. 518, 65 S.E.2d 575 (1951); *Humphrees v. Boxley Bros. Co.*, 146 Va. 91, 135 S.E. 890 (1926).

*Whalen v. Dean Steel Co.*, 229 Va. 164, 170-171, 327 S.E.2d 102 (1985).

The type of injury that flows from defamation and insulting words is injury to reputation, humiliation, and embarrassment. *Great Coastal Express, Inc. v. Ellington*, 230 Va. 142, 334 S.E.2d 846, 850 (1985). These types of injuries are not compensable under the Act.

Defendant argues that plaintiff is precluded from bringing his common-law defamation action by the exclusivity provisions of the Act. If such were the case, plaintiff may be forced to give up an important right and receive nothing in exchange. The Act cannot compensate plaintiff for injury to his reputation. Thus, the exchange would be insufficient to meet the constitutional *quid pro quo* requirements. *Whalen*, 229 Va. at 170-171.

But to adopt the contention of the defendant in error would deprive the employee or his dependents of a long existing common-law right of action in a large number of cases without giving them anything in return therefor. Carried to its logical conclusion, an employee, merely because of the relationship existing between him and his employer, would have no remedy

> whatever for an injury sustained while he was off duty and far removed from the place of employment.

*Griffith v. Raven Red Ash Coal Co.*, 179 Va. at 797.

The result of this situation would be to leave the employee remediless and would violate "the principal that an existing common-law remedy is not to be taken away by a statute unless by direct enactment or necessary implication." *Id.* at 797-798.

The same result may be seen in the case at hand if the Act were to apply as a bar. The employee, having suffered injury to reputation, humiliation, and embarrassment would be limited to redress under an Act that leaves him remediless. Such a result would be absurd.

Defendant relies on *Haddon v. Metropolitan Life Insurance Co.*, 239 Va. 397, 389 S.E.2d 712 (1990), in support of its argument that the Act provides the exclusive remedy for claims of defamation and insulting words. Under the facts of that case, plaintiff filed an action against her employer alleging that a branch manager engaged in a pattern of harassment and sex discrimination while acting within the scope of his employment. *Id.* at 398. Damages were sought for infliction of emotional harm, defamation, insulting words, tortious interference with a contract, and breach of contract. Damages suffered were claimed to be emotional distress and permanent disability.

The issue decided by *Haddon* was whether "accident" as defined by the Act excluded injury caused by intentional torts. This was the only issue discussed in the case. The issue presented by the case at hand is whether the Act can exclude a common-law action for defamation when the Act provides no remedy for loss of reputation. This issue was not decided by *Haddon*. Therefore, *Haddon* is not dispositive of the case at hand.

For the above reasons, defendant's demurrer as to counts one and two of the Motion for Judgment are overruled. Count three, Breach of Covenant of Good Faith and Fair Dealing, is not recognized under Virginia law. Defendant's demurrer as to count three is sustained, and count three is dismissed.