960 F.2d 146
 59 Fair Empl.Prac.Cas. (BNA) 1632
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karen L. KOURI, Plaintiff-Appellant,
v.
James N. TODD; Liberian Services, Incorporated;
Administrative Control Services, Incorporated,
Defendants-Appellees,
Equal Employment Opportunity Commission, amicus curiae.
 No. 91-2343.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 5, 1991
Decided: April 13, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-90-582-A)
 Argued: Jessie James, Jr., Clifton, Va., for appellant.
 Jennifer S. Goldstein, Office of General Counsel, Equal Employment Opportunity Commission, Washington, D.C., for amicus curiae.
 Julia Bougie Judkins, Lewis, Trichilo & Bancroft, P.C., Fairfax, Va., for appellees.
 On Brief: Donald R. Livingston, Acting General Counsel, Gwendolyn Young Reams, Associate General Counsel, Vincent J. Blackwood, Assistant General Counsel, Office of General Counsel, Equal Employment Opportynity Commission, Washington, D.C., for amicus curiae.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, Sitting by Designation, K. K. HALL, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Karen L. Kouri sued Liberian Services, Inc. (LSI) and James N. Todd, alleging that Todd sexually harassed her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq and Virginia common law.
 
 
 2
 Kouri dismissed her Title VII claim against Todd. Following a trial against LSI, the district court found that LSI did not know of Todd's actions and hence was not liable to Kouri. The district court ruled that the Virginia Workers' Compensation Act barred the state law claims. We affirm.
 
 
 3
 * Title VII of the Civil Rights Act of 1964 makes it"an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.s 2000e-2(a)(1). Title VII provides relief for both sexual harassment resulting from a hostile or offensive working environment and quid pro quo sexual harassment.
 
 
 4
 Meritor Savings Bank v. Vinson, 477 U.S. 57, 66-68 (1986); Katz v. Dole, 709 F.2d 251, 254 (4th Cir. 1983).
 
 
 5
 Because Kouri dismissed her Title VII claim against Todd, we need only address whether LSI can be held liable. In order to hold LSI liable for hostile environment sexual harassment, Kouri must prove not only that Todd sexually harassed her, but also that LSI had actual or constructive knowledge of Todd's actions. Katz, 709 F.2d at 255; Swentek v. USAIR, Inc., 830 F.2d 552, 558 (4th Cir. 1987). She may prove LSI's knowledge by showing that "complaints about the harassment were lodged with the employer or that the harassment was so pervasive that employer awareness may be inferred." Katz, 709 F.2d at 255.
 
 
 6
 Kouri has not met this burden. The district court noted that no testimony disclosed that other LSI employees were aware of Todd's conduct. Accordingly, the court concluded that there is no reason why LSI should have known about it.
 
 
 7
 Kouri testified that she told James McGuire, a vice president, that rumors existed about her and Todd, that Todd was paying too much attention to her, and that this attention was unwanted and too personal. She confronted Todd after McGuire suggested she speak to him. Kouri claims she did not speak to McGuire again.
 
 
 8
 McGuire testified that Kouri said she could not stand the tension and constant attention of Todd. McGuire says he told her to compose herself and come in Monday morning, and he would arrange for her to see the company's president. McGuire claims he concluded that Todd was overworking Kouri. About an hour later, according to McGuire's testimony, his secretary told him that Todd, Kouri, and Kouri's husband were in Todd's office. McGuire testified that later Kouri stopped by his office and told him the matter had been resolved. The district court credited McGuire's testimony over Kouri's, and found that LSI did not know or have reason to know of Todd's actions.
 
 
 9
 We may not overrule a trial court's finding of fact unless it is clearly erroneous. Fed. R. Civ. P. 52(a); Pullman-Standard v. Swint, 456 U.S. 273, 287 (1982). "When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings...." Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). Therefore, we cannot impute liability for hostile environment sexual harassment to LSI. Because we cannot impute liability to LSI, we decline to address Kouri's claim that the district court erred in finding no hostile environment sexual harassment.
 
 
 10
 Kouri next contends that she suffered quid pro quo sexual harassment. Employers are strictly liable for quid pro quo sexual harassment by supervisors. Katz, 709 F.2d at 255 n.6. We have noted that quid pro quo sexual harassment is "harassment in which a supervisor demands sexual consideration in exchange for job benefits." Katz, 709 F.2d at 254 ( citing Henson v. City of Dundee, 682 F.2d 897, 908 n. 18 (11th Cir. 1982)). Kouri has not shown, however, that Todd requested sexual favors from her in exchange for a favorable recommendation for promotion. Accordingly, Kouri has failed to establish a claim of quid pro quo sexual harassment.
 
 II
 
 11
 In her brief, Kouri frames the state law issue as follows: "The issue presented here is whether the court should apply the law as it existed prior to July 1, 1988, or should it apply the law as it was amended on July 1, 1988." Br. at 40. With respect to actions filed before July 1, 1988, the Virginia Supreme Court has held that trial courts lack subject-matter jurisdiction over employees' complaints of sexual harassment. The Workmens' Compensation Act, administered by the Workmens' Compensation Commission, provides the exclusive remedy. Kelly v. First Virginia Bank-Southwest, Va., 404 S.E.2d 723 (1991); Haddon v. Metropolitan Life Ins. Co., 239 Va. 397, 389 S.E.2d 712 (1990). Parenthetically we note that an earlier case, City of Richmond v. Braxton, 230 Va. 161, 335 S.E.2d 259 (1985), lends support to Kouri's claim, but we are obliged to apply the Virginia Supreme Court's most recent expression of Virginia law.
 
 
 12
 Virginia Code § 65.2-301, effective July 1, 1988, allows victims of sexual assault to pursue an action at law against an attacker as an alternative to seeking relief under the Virginia Workers' Compensation Act. Kouri claims that this statute applies to her case.
 
 
 13
 Virginia Code § 65.2-301 applies to "[a]ny employee who, in the course of employment, is sexually assaulted, as defined in §§ 18.2-61, 18.2-67.1, 18.2-67.3, or § 18.2-67.4...." These code sections pertain, respectively, to rape, forcible sodomy, aggravated sexual battery, and sexual battery. Kouri does not allege that Todd committed any of these crimes, so the 1988 amendment does not apply to her claims.
 
 
 14
 AFFIRMED.