## CIRCUIT COURT OF THE CITY OF RICHMOND

Claude A. Ayers, III

    v.

Gregory P. Stoneman
and Ron Rattlesdorfer

March 24, 1994

Case No. LW-2474

By Judge Melvin R. Hughes, Jr.

Before the court for decision in this case is the defendant's Motion for Summary Judgment asserting that plaintiff's claims are barred by workers' compensation.

Plaintiff, Claude A. Ayers, III, was injured in an accident while performing duties in the course of his employment at defendant Stoneman Paving Company. This injury was compensated for under the Virginia Workers' Compensation Act ("Act"). Section 65.2–100, et seq., Code of Virginia, 1950, as amended (Repl. Vol. 1991). Ayers did not quit his job, nor was he fired after the accident, although he was not actually working while on "disability leave." Ayers' compensation check was sent to Stoneman Paving by the insurance company. Ayers went to Stoneman Paving during regular business hours to pick up his compensation check. While there an argument ensued between Ayers and the defendants, Ron Rattlesdorfer and Gregory P. Stoneman, over whether Ayers owed money for company uniforms that he had not returned. Ayers claims that he was then assaulted by Rattlesdorfer and Stoneman.

Ayers now sues Stoneman and Rattlesdorfer in tort for assault and battery. Stoneman and Rattlesdorfer plead that Ayers' claims are barred by workers' compensation as Ayers' exclusive remedy under law.

## Discussion

To be compensable under the Act, an "injury" to an "employee" must be proved to have been the result of an "accident" "arising out of" and "in the course of" employment. The failure to prove any one of these factors defeats coverage under the Act. *Snead v. Harbaugh*, 241 Va. 524, 526, 404 S.E.2d 53, 54 (1991).

The Virginia Supreme Court held in *Leonard v. Arnold*, 218 Va. 210, 237 S.E.2d 97 (1977), that an employee injured on the job and currently on disability was still considered to be an employee for the purposes of the Act. *Leonard* at 214, 237 S.E.2d at 100. Ayers had not been terminated from his job with Stoneman Paving at the time of the assault and therefore was an "employee."

Here, Ayers claims that he sustained injuries as a result of an assault by defendants. Thus, the "injury" part of the criteria has been met.

The injury must be the result of an "accident" to be compensable under the Act. *Haddon v. Metro. Life*, 239 Va. 397, 399 (1990), *overruled on other grounds by Middlekauff v. Allstate Ins. Co.*, 247 Va. 150, 439 S.E.2d 394 (1994). Virginia courts have long held that an intentional tort by a fellow employee or a third party is within the definition of "injury by accident" under the Act. *Id.*

Ayers cites *McGreevy v. Racal-Dana Instruments*, 690 F. Supp. 468 (E.D. Va. 1988), supporting the proposition that an assault by an *employer* with the intent to injure is *not* an accident, and, therefore, a common law claim is not barred by the Act. The *McGreevy* court, applying Virginia law, held that whether an incident is an "accident" should be determined from the perspective of the party seeking protection from the Act. *McGreevy* at 470. The court, following Indiana cases (the Act being based on the Indiana Workers' Compensation Act), explained that if an employer seeks to impose the accident requirement as a defense, the question is whether the injury was an *accident* from the employer's perspective. *Id.* Therefore, when the plaintiff is suing for damages and *not* compensation under the Act, "it is the employer who must affirmatively plead the exclusiveness of the Act as a defense. [The employer] must allege that the injury was an accident, and how can he do this when he himself has deliberately produced it." *Id.*

The *McGreevy* court addresses the policy behind the Act in support of its position. It says that the purpose of workers' compensation is to permit the employee to recover for an employment related injury with-

out allowing the employer to assert defenses of contributory negligence or assumption of risk. In exchange, the employee gives up the right to sue under common law. It is a trade-off with the employee forfeiting his right to sue in exchange for the employer forfeiting his right to assert affirmative defenses. In a case of an intentional tort perpetrated by the employer, there has been no such trade-off. The employee has given up his right to sue and received nothing in return. This, the court held, is in direct conflict with the policy behind the Act. *Id.*

The court in *McGreevy* addresses the sexual assault exception to the Act (Va. Code Ann. § 65–2.301) and rejects the argument that in passing the exception, the General Assembly thereby addressed the broad issue of assault in the work place and chose to carve out this one exception. The court says that there is no legislative history indicating that anything except sexual assault was discussed, probably an indication of the prominence of that subject. *Id.* at 473. The court states that an intentional tort exception for employers is consistent with the Act because "ludicrous results would follow: an employer could be held liable in tort for pinching or squeezing but not for punching an employee in the nose or hitting him in the head with a two-by-four." *Id.*

*McGreevy*, however, is a Federal Court decision and has since been implicitly rejected by the Virginia Supreme Court. *See, Haddon, supra.* In *Haddon*, the court expressly rejects the Indiana line of cases as being at odds with Virginia precedent on the point and cites the sexual assault exception to the Act as evidence that the General Assembly did *not* intend to include a general intentional tort exception. *Id.* at 400. The court held that an intentional tort committed by an employer against an employee is indeed an "accident" and within the scope of the Act, and a common law claim is therefore barred. *Id.* at 399. The proper test for determining whether an incident is an "accident" is whether it "is unusual and not expected by *the person to whom it happens." Id.* (Emphasis added.)

Ayers' claim that he should be allowed to recover under an intentional tort exception to the Act, as set forth in *McGreevy*, must therefore be denied in keeping with the holding in *Haddon*.

An accident resulting in an injury to an employee must, nonetheless, "arise out of" and occur "in the course of" employment to be compensable under the Act. The Act leaves "unimpaired the common law right of action for damages for the personal injury . . . of the employee

when such does not arise out of and in the course of the employment. *Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790, 797, 20 S.E.2d 530, 533 (1942). "Arising out of" and "in the course of" are *not* synonymous and must both be proved before an injury is compensable. *Bradshaw v. Aronovitch*, 170 Va. 329, 335–36, 195 S.E. 684, 686 (1938). "Arising out of" employment refers to the origin or cause of injury, while "in the course of" employment refers to time, place, and circumstances under which the accident occurred. *Briley v. Farm Fresh, Inc.*, 240 Va. 194, 396 S.E.2d 835 (1990).

In the case at bar, Ayers was on his employer's premises during regular business hours to collect his worker's compensation check when the assault occurred. "When an injury can be fairly traced to employment as at least a contributing cause," the injury is said to "arise out of" employment. *Brown v. Reed*, 209 Va. 562, 564, 165 S.E.2d 394 (1969). Ayers was at Stoneman Paving to pick up his benefit check that he was receiving for an employment-related accident when he got into an argument with defendants Stoneman and Rattlesdorfer over employee uniforms which culminated in the assault. The injuries resulting from the assault can be fairly traced to Ayers' employment as a contributing cause, thereby arising out of his employment.

The injury must also occur "in the course of" employment to be compensable under the Act. *Metcalf v. A. M. Express Moving*, 230 Va. 464, 468, 339 S.E.2d 177 (1986). An injury occurs in the course of employment "when it takes place within the period of employment, at a place where the employee may reasonably be in connection with employment, and while he is reasonably fulfilling his employment duties or doing something reasonably incidental thereto." *Id.*

In the case at bar, the injury occurred while Ayers was an employee of Stoneman Paving picking up his benefit check as instructed by his employer and therefore took place "within the period of employment." The injury occurred on the employer's premises, a "place where an employee may reasonably be in connection with employment." At the time of the injury, Ayers was collecting his disability check, something that is reasonably incidental to his employment. This act can be analogized to an employee going to his place of employment to pick up his pay check. Although the employee is not "fulfilling his employment duties" in picking up his check, he is indeed doing "something incidental to his employment" and an accidental injury received while

picking up the check would surely "arise out of and in the course of employment." In the present case, it was reasonable to expect Ayers to go to Stoneman Paving to collect his disability check because that is where the check was located. *See also, Thore v. Chesterfield County,* 10 Va. App. 327, 391 S.E.2d 882 (1990).

Taking into account that the Act is to be liberally construed, questions about its applicability have to be resolved in favor of affording its remedies. *Race Fork Coal Co. v. Turner,* 5 Va. App. 350, 354 (1987), *rev'd on other grounds,* 237 Va. 639, 379 S.E.2d 341 (1989); *City of Waynesboro v. Hunter,* 1 Va. App. 265, 269, 337 S.E.2d 901 (1985).

## Conclusion

Under Virginia law, Ayers is barred from asserting a common law tort claim for the injuries received in the assault. *See, Haddon, supra.* Had Ayers been injured in an accident other than an intentional tort committed in part by his employer, Stoneman, there would be no difficult policy question as to whether his injuries should be compensable exclusively under the Act. The difficulty arises in this case because the "accident" was an assault by Ayers' employer and a fellow employee occurring at a time Ayers was not actively working but on leave.

Thus, while Ayers complains that an employer can assault an employee with the intent to injure and, provided that the other requirements of the Act are met, hide behind the Act's exclusive remedy provision, Va. Code Ann. § 65.2–307, barring a common law tort claim and greatly limiting his liability under Virginia law, "it is now well settled . . . that although the injury is the result of the willful and intentional assault of either a fellow employee or a third person, this fact does not prevent the injury from being accidental within the meaning of the Act." *Haddon* at 379 (quoting *Continental Life Insurance Company v. Gough,* 161 Va. 755, 759 (1934)).

Accordingly, the plea is allowed, the action is barred, and this case is dismissed with prejudice.